UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DARREN RUSHING

    Plaintiff,

v.

LIFE INSURANCE COMPANY
OF NORTH AMERICA,

    Defendant.
_____)

## COMPLAINT

    The Plaintiff, DARREN RUSHING ("RUSHING"), by and through his undersigned counsel, hereby sues LIFE INSURNACE COMPANY OF NORTH AMERICA ("LINA"), and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof.  This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court concurrent jurisdiction to determine claims under 29 USC §§ 1001 et seq.  RUSHING brings this action to recover short-term disability ("STD") and long-term disability ("LTD") benefits due to him under the terms of employee welfare benefit plans, to enforce his rights under the plans and to clarify his rights to benefits under the terms of the plans.

2. RUSHING was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. LINA is a corporation with its principal place of business in the State of Pennsylvania, authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, LINA, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to RUSHING.

6. RUSHING at all times material was an employee of Lowe's Companies, Inc. ("LOWE'S").

7. RUSHING was at all times material a plan participant under the Lowe's Companies, Inc. Group Short-Term Disability Plan, Group Policy No. LK0980229/LK0980231 (the "STD Plan"), as well as the Lowe's Companies, Inc. Group Long-Term Disability Plan, Group Policy No. VDT980095/VDT980096 (the "LTD Plan") which were established by LOWE'S and pursuant to which RUSHING is entitled to benefits.  A copy of the STD Plan has been attached hereto as Exhibit "A."  A copy of the LTD Plan has been attached hereto as Exhibit "B."

8. The Plans are employee welfare benefit plans within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. LINA is the insurer of benefits under the Plans and was appointed by LOWE'S, the Plans' Administrator, as the named fiduciary for deciding claims for benefits under the Plans and for deciding any appeals of denied claims.

10. As the decision maker and payer of the plans' benefits, LINA administered the claims with

a conflict of interest and the bias this created affected the claims determination. As such, LINA is not entitled to a deferential standard of review.

11. LINA is the fiduciary charged with making benefit determinations under the Plans, including the determinations made on RUSHING's claims at issue.

12. Pursuant to the terms and conditions of the Plans, RUSHING is entitled to benefits for the duration of his disability, for so long as he remains disabled as required under the terms of the Plans.

13. According to the STD Plan, disability is defined as follows:

> **Disability/Disabled**
> You are considered Disabled if, solely because of Injury or Sickness, you are:
> 1. unable to perform the material duties of your Regular Occupation; and
> 2. unable to earn 80% or more of your Covered Earnings from working in your Regular Occupation.

14. According to the LTD Plan, disability is defined as follows:

> **Definition of Disability/Disabled**
> The Employee is considered Disabled if, solely because of Injury or Sickness, he or she is:
> 1. unable to perform the material duties of his or her Regular Occupation; and
> 2. unable to earn 80% or more of his or her Indexed Earnings from working in his or her Regular Occupation.
>
> After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:
> 1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience; and
> 2. unable to earn 60% or more of his or her Indexed Earnings.

15. At all relevant times, RUSHING complied with all conditions precedent and exhausted all required administrative remedies under the Plans.

16. Since on or about August 22, 2014, RUSHING, solely because of injury or sickness, has been unable to perform the material duties of his regular occupation.

17. Since on or about August 22, 2014, RUSHING, solely because of injury or sickness, has been unable to earn 80% or more of his Covered Earnings from working in his Regular

Occupation.

18. Since on or about August 22, 2014, RUSHING, solely because of injury or sickness, has been unable to earn 80% or more of his Indexed Earnings from working in his Regular Occupation.

19. Since on or about August 22, 2014, RUSHING, solely because of injury or sickness, has been unable to perform the material duties of any occupation for which he is, or may reasonably become, qualified based on education, training or experience.

20. Since on or about August 22, 2014, RUSHING, solely because of injury or sickness, has been unable to earn 60% or more of his Indexed Earnings.

21. At all relevant times, RUSHING has been under the regular care of a physician.

22. At all relevant times, RUSHING was a Covered Person under the Plans.

23. Shortly after becoming disabled, RUSHING made a claim to LINA under the STD Plan for disability benefits.

24. LINA initially approved RUSHING's claim for STD benefits and began paying benefits effective September 5, 2014.

25. By letter dated October 9, 2014, LINA terminated RUSHING's continuing claim for short-term disability benefits and advised no benefits were payable beyond September 21, 2014.

26. RUSHING timely and properly submitted an appeal of LINA's October 9, 2014 termination of benefits.

27. By letter dated April 13, 2015, LINA upheld its previous decision to deny RUSHING's claim and informed RUSHING that his administrative rights had been exhausted.

28. From September 22, 2014, to the present date, RUSHING has not received benefits owed to him under the Plans, despite RUSHING's right to these benefits.

29. LINA has refused to pay RUSHING's STD and LTD benefits.

30. By failing to approve and pay STD benefits to RUSHING, LINA has effectively denied LTD benefits to RUSHING under the LTD Plan even though RUSHING meets the terms and conditions of disability under the LTD Plan.

31. At all relevant times, LINA was the payer of benefits.

32. At all relevant times, LINA was the "Insurance Company" identified throughout the Plans.

33. At all relevant times, LINA was appointed by LOWE'S, the Plans' Administrator, as the named fiduciary for deciding claims for benefits under the Plans and for deciding any appeals of denied claims.

34. At all relevant times, RUSHING has been and remains Disabled and entitled to benefits from LINA under the terms of the Plans.

35. RUSHING has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR SHORT TERM DISABILITY BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

36. RUSHING incorporates Paragraphs 1 through 35 as if fully set forth herein.

37. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

38. Pursuant to 29 U.S.C. §1132(a)(1)(B), RUSHING, as a participant under the STD Plan, is entitled to sue for judicial determination and enforcement of benefits.

39. RUSHING has no other adequate remedy at law to address the injuries he has suffered and will continue to suffer as a result of LINA's failure to pay his short term disability benefits.

40. RUSHING has exhausted all administrative remedies under the STD Plan.

41. Defendant breached the STD Plan and violated ERISA in the following respects:

   (a) Failing to pay benefit payments to RUSHING at a time when LINA knew, or should have known, that RUSHING was entitled to those benefits under the terms of the STD Plan, as RUSHING was disabled and unable to work and therefore entitled to benefits.

   (b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the STD Plan documents, in relation to the applicable facts and STD Plan provisions, for the termination of RUSHING's claim for benefits;

   (c) After RUSHING's claim was terminated in whole or in part, LINA failed to adequately describe to RUSHING any additional material or information necessary for RUSHING to perfect his claim along with an explanation of why such material is or was necessary.

   (d) LINA failed to properly and adequately investigate the merits of RUSHING's disability claim and failed to provide a full and fair review of RUSHING's claim.

42. RUSHING believes and thereon alleges that LINA wrongfully terminated his claim for disability benefits under the STD Plan by other acts or omissions of which RUSHING is presently unaware, but which may be discovered in this future litigation and which RUSHING will immediately make LINA aware of once said acts or omissions are discovered by RUSHING.

43. Following the termination of benefits under the STD Plan, RUSHING exhausted all

administrative remedies required under ERISA, and RUSHING has performed all duties and obligations on his part to be performed under the STD Plan.

44. As a proximate result of the aforementioned wrongful conduct of LINA, RUSHING has damages for loss of disability benefits in a total sum to be shown at the time of trial.

45. As a further direct and proximate result of this improper determination regarding RUSHING's claim for benefits, RUSHING, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), RUSHING is entitled to have such fees and costs paid by LINA.

46. The wrongful conduct of LINA has created uncertainty where none should exist, therefore, RUSHING is entitled to enforce his rights under the terms of the STD Plan and to clarify his right to past and future benefits under the terms of the STD Plan.

## REQUEST FOR RELIEF

WHEREFORE, DARREN RUSHING prays for relief against LIFE INSURANCE COMPANY OF NORTH AMERICA as follows:

1. Payment of short term disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the STD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the STD Plan for so long as Plaintiff remains disabled under the terms of the STD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

**CLAIM FOR LONG TERM DISABILITY BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

47. RUSHING incorporates by reference all preceding paragraphs as though fully set forth herein.

48. At all times relevant, RUSHING was an employee or former employee of LOWE'S and a plan participant under the terms and conditions of the LTD Plan.

49. During the course of RUSHING'S employment, RUSHING became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while RUSHING was covered under the LTD Plan, RUSHING suffered a disability rendering him disabled as defined under the terms of the LTD Plan.

50. Pursuant to the terms of the LTD Plan, LTD benefits are predicated upon remaining disabled under the terms of the STD Plan for the duration of STD benefits. LINA has determined RUSHING does not qualify for STD benefits and as such fails to meet a condition precedent to receiving LTD benefits. Therefore, LINA'S adverse determination under the STD Plan effectively denied LTD benefits to RUSHING.

51. As LINA had the sole discretion to determine entitlement to benefits under the STD Plan and LTD Plan, LINA breached the LTD Plan and violated ERISA in the following respects:

    a. Failing to pay LTD benefits to RUSHING at a time when LINA knew, or should have known, that RUSHING was entitled to those benefits under the terms of the LTD Plan, as RUSHING was disabled and unable to work and therefore entitled to benefits.

    b. By failing to approve and pay STD benefits to RUSHING, LINA denied LTD benefits to RUSHING under the LTD Plan although RUSHING meets the terms and conditions of disability under the LTD Plan.

    c. After RUSHING'S claim was denied in whole or in part, LINA failed to adequately describe to RUSHING any additional material or information necessary for RUSHING to perfect his claim along with an explanation of why such material is or was necessary.

    d. LINA failed to properly and adequately investigate the merits of RUSHING'S disability claim and failed to provide a full and fair review of RUSHING'S claim.

52. RUSHING believes and thereon alleges that LINA wrongfully denied his claim for STD benefits under the STD Plan, which in turn denied him LTD Benefits under the LTD Plan by other acts or omissions of which RUSHING is presently unaware, but which may be discovered in this future litigation and which RUSHING will immediately make LINA aware of once said acts or omissions are discovered by RUSHING.

53. As a proximate result of the aforementioned wrongful conduct of LINA under the LTD Plan, RUSHING has damages for loss of disability benefits in a total sum to be shown at the time of trial.

54. As a further direct and proximate result of this improper determination regarding RUSHING'S claims for benefits, RUSHING, in pursuing this action, has been required to

incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), RUSHING is entitled to have such fees and costs paid by LINA.

55. The wrongful conduct of LINA has created uncertainty where none should exist; therefore, RUSHING is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, DARREN RUSHING prays for relief against LIFE INSURANCE COMPANY OF NORTH AMERICA as follows:

1. Payment of LTD disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the STD Plan and LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED:  April 11, 2016

ATTORNEYS DELL AND SCHAEFER,
CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL  33020
Phone: (954) 620-8300
Fax: (954) 922-6864

*S/ Alexander A. Palamara*

ALEXANDER A. PALAMARA, ESQUIRE
Florida Bar No: 0037170
Email: alex@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com